Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6622 | **DATE** | 3/21/2002 |
| **CASE TITLE** | Nick Popovich vs. McDonald's Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter memorandum opinion and order. For these reasons, the Court denies defendants' motions to reconsider. (34-1,35-1) Status hearing set for 4/23/02 at 9:30 a.m.

(Related Case 01 C 8121)

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 2 2002 date docketed | 46 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MAR 2 2 2002

| | |
|---|---|
| NICK POPOVICH,<br><br>Plaintiff,<br><br>vs.<br><br>McDONALD'S CORPORATION,<br>SIMON MARKETING, INC., and<br>JEROME P. JACOBSON,<br><br>Defendants. | Case No. 01 C 6622 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant McDonald's Corporation, joined by defendant Simon Marketing, Inc., has moved to reconsider the Court's January 14, 2002 ruling denying defendants' motions to stay the proceedings and compel arbitration. That ruling was premised on our finding that the arbitration procedure provided for in the parties' contract was prohibitively expensive, thus rendering the arbitration provision unenforceable. The contract (actually the rules of certain of the promotional games involved in this lawsuit) incorporated the rules of the American Arbitration Association, and those rules, we found, would have required Popovich to pay an exorbitant fee to arbitrate this case.

McDonald's has now offered to pay the arbitration fees to the extent they exceed those provided for by the AAA's Consumer Rules, which were reasonable but which, we found, did not apply to Popovich's claim. This is not a basis for reconsideration of the Court's ruling. We agree with Popovich that McDonald's offer, which is inconsistent with the parties' contract,

46

amounts to an offer for a new contract. Popovich is under no obligation to accept McDonald's offer, and the Court is in no position to impose it. As a matter of elementary contract law, McDonald's cannot unilaterally modify the existing agreement. *See, e.g., Channel v. Citicorp.*, 89 F.3d 379, 384 (7th Cir.1996); *Ellman v. Ianni*, 21 Ill. App. 3d 353, 362, 157 N.E.2d 807, 813 (1959). The offer is logically indistinguishable from an offer by a defendant in a case for breach of a contract without an arbitration requirement to submit the case to arbitration. In those circumstances, as in the present case, a Court would have no basis to require the plaintiff to forego judicial remedies and arbitrate the case. The same is true here. Like the Eleventh Circuit in *Perez v. Globe Airport Security Services, Inc.*, 253 F.3d 1280, 1287 (11th Cir. 2001), we will not remake the parties' agreement to include a provision requiring arbitration if McDonald's agrees to pay the expenses. Contrary to defendant's argument, this case is not controlled by this Court's ruling in *Phillips v. Associates Home Equity Services, Inc.*, 179 F. Supp. 2d 840 (N.D. Ill. 2001), in which, after first declining to enforce an arbitration provision due to prohibitive expense, we then compelled arbitration after the defendant offered to pay the fee. In *Phillips*, the arbitration provision specifically contemplated that the defendant would pay the fees if requested to do so. *See id.* at 843. No similar provision appears in the contract here; the contract incorporates the AAA rules, which impose upon Popovich the fees in question. Finally, our decision in *Kennedy v. Conseco Finance Corp.*, No. 00 C 4399, 2000 WL 1760943 (N.D. Ill. Nov. 30, 2000), a *pre-Green Tree* ruling, is not binding in the present case.

In the Court's prior ruling, we concluded that the AAA's Consumer Rules did not apply because of the value of Popovich's claim. McDonald's had contended that the claim was worth less than $10,000 (thus rendering the Consumer Rules applicable), but we rejected this argument.

In its motion to reconsider, McDonald's argues that we erroneously relied on what we found to be an inconsistent position that it had taken regarding the potential value of the plaintiffs' claims in cases essentially indistinguishable from that of Popovich. First, that finding was not essential to the decision; Popovich met his burden of showing that his claim did not fall within the scope of the Consumer Rules. But secondly, we do not agree with McDonald's argument that its positions were not inconsistent. In this regard, McDonald's current motion essentially says nothing new, so we need not address the particulars of its argument.

For these reasons, the Court denies defendants' motions to reconsider [docket items 34-1 & 35-1].

MATTHEW F. KENNELLY
United States District Judge

Date: March 20, 2002